## HUNLEY v. THE CITY OF COLUMBUS.

1. One ground of a motion for new trial being that the verdict was contrary to instructions given by the court to the jury, these instructions being set out in the motion, there was no error in refusing, at the hearing of the motion, to strike this ground, although it may have been "idle," "superfluous," "unnecessary," "illegal," "not legal," "not according to law," "contrary to law" and "contrary to the practice in such motions." A ground which has all these infirmities is harmless.

2. A bill of exceptions signed and certified more than sixty days after the trial, is too late as to rulings made at the trial and neither excepted to *pendente lite* nor covered by the motion for a new trial, which motion was made and granted within the sixty days. In the present case the bill of exceptions was in time in so far as it alleged error in granting a new trial, but not in time in so far as it directly alleged error in rulings made at the trial.

3. There was no abuse of discretion in granting a first new trial in this case.                 *Judgment affirmed.*

April 10, 1893. Argued at the last term.

Action for damages. Before Judge MARTIN. Muscogee superior court. May term, 1892.

ALONZO A. DOZIER, for plaintiff.

WORRILL & LITTLE, for defendant.

---

## McCRARY et al. v. GLOVER, guardian.

This being the first grant of a new trial, and no abuse of discretion being clearly apparent, the judgment is          *Affirmed.*

April 17, 1893. Argued at the last term.

Ejectment. Before Judge ROBERTS. Twiggs superior court. April term, 1892.

STEED & WIMBERLY and L. D. MOORE, for plaintiffs.

F CHAMBERS and L. D. SHANNON, for defendant.

---